BILL LEMMONS v. STATE.

No. A-5643. Opinion Filed Jan. 29, 1927.
(252 Pac. 1113.)

Brown, Brown & Williams, for plaintiff in error.
The Attorney General, for the State.

DOYLE, P. J. The indictment in this case charges that the defendant, Bill Lemons, did have in his possession one pint of whisky, with the unlawful intent to sell the same. On the trial the jury returned a verdict finding him guilty, and fixing his punishment at confinement for 30 days in the county jail and a fine of $50. To reverse the judgment rendered in accordance with the verdict, he appeals.

The errors assigned question the sufficiency of the evidence to support the verdict.

The testimony of Cecil Crosby, W. W. Holder, and D. Bell, deputy sheriffs, is that, as they approached four men, the defendant dropped a bottle of whisky and they arrested the four men.

As a witness in his own behalf, the defendant testified that his age was 28 years, had worked for various oil companies until he enlisted in the World War, and on his return engaged in the same business in Wyoming; was visiting his former home at Woods-

worth, in Carter county. Several of his friends decided to have a little dance and several friends were standing outside when Mr. Crosby, B. Bell, and Doc Holder came up with a flash light and told them they were under arrest; then Doc Holder walked 40 or 50 steps away, it was a dark night, and came back with a bottle, put it in his pocket, and started to dance, and Bob Martin objected to anybody dancing with whisky, and the dance stopped, and the officers took the defendant and three others to Ardmore and placed them in jail.

For the defense, six or seven witnesses testified that they were present, and that the defendant did not have possession or did not drop the bottle of whisky which the officers claimed to have found.

It is contended that, assuming the state's evidence shows or tended to show possession of the bottle of whisky in question, there was no evidence introduced tending to show unlawful intent.

The rule of evidence, or the statutory presumption (section 6999, C. S. 1921) that possession in excess of one quart of spirituous liquors shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquor, was not met by the evidence in this case. The gist of the offense charged being the purpose and intent of unlawful sale, the evidence is insufficient to support the verdict.

The judgment of the lower court is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.